**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.:**

MICKEY PEIL,

               Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation,

               Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**<u>JURISDICTION</u>**

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**<u>VENUE</u>**

3.      Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

**<u>PARTIES</u>**

4.      Plaintiff, Mickey Peil, is a natural person who resides in the City of Haswell, County of Kiowa, State of Colorado.

5.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.    Defendant, NCO Financial Systems, Inc., is a Pennsylvania corporation operating from an address at 507 Prudential Road, Horsham, Pennsylvania, 19044.

7.    The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, CO 80202.

8.    The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.    The Defendant is licensed as a collection agency by the state of Colorado.

10.    The principal purpose of the Defendant is the collection of debts using the mails and telephone.

11.    The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

12.    Sometime before December 2007 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

13.    The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14.    The Account went into default with the original creditor.

15.    Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection from the Plaintiff.

16.    In the year prior to the filing of the instant action the Plaintiff received letters, telephone calls and voicemail messages from the Defendant and / or representatives, employees and / or agents of the Defendant who were attempting to collect the Account. The Plaintiff called the Defendant in response to the letters, telephone calls and voicemail messages. These letters, telephone

calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

17.     During the telephone calls the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account falsely threatened to take legal action against the Plaintiff.

18.     During the telephone calls the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account falsely threatened to garnish the Plaintiff's wages.

19.     During the telephone calls the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account falsely threatened to prosecute the Plaintiff.

20.     In the year prior to the filing of the instant action the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly left voicemail messages for the Plaintiff that did not contain the language required by FDCPA 1692e(11).

21.     In the year prior to the filing of the instant action the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account called the Plaintiff at his place of employment after the Plaintiff repeatedly told the Defendant and / or representatives, employees and / or agents of the Defendant not to call him at work.

22.     On or about October 2008 the Defendant and / or a representative, employee and / or agent of the Defendant attempting to collect the Account called the

Plaintiff at the Plaintiff's place of employment and left a voicemail message for the Plaintiff. The voicemail message stated: "This is a personal and confidential message for Mr. Mickey Pile or Mickey Peil. This is Will Mackey calling from the offices of NCO. Ah, Mickey I just walked into the office and I just got your voicemail. I do need to hear from you. I will be in the office pretty much all day today but as soon as you get this message I do need you to respond promptly. I can be reached at 1-800-747-5201 extension 5099."

23.  The Plaintiff's co-workers heard the voicemail message referenced above before the Plaintiff heard the voicemail message.

24.  In the year prior to the filing of the instant action the Defendant and / or representatives, employees and / or agents of the Defendant, without the Plaintiff's authorization, illegally attempted to seize money from the Plaintiff's bank account while attempting to collect the Account.

25.  The Defendant has not filed any legal action(s) against the Plaintiff.

26.  The Defendant has not received any judgment(s) against the Plaintiff.

27.  The Defendant has not garnished the Plaintiff's wages.

28.  The statements and actions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

29.  The Defendant and its representatives, employees and / or agents statements and actions constitute illegal communication in connection with debt collection and therefore violate FDCPA 1692c(a)(1), c(a)(3) and c(b).

30.    The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

31.    The Defendant and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10) and e(11).

32.    The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

33.    The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

34.    The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful and intentional violations of the FDCPA.

35.    As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## **RESPONDEAT SUPERIOR**

36.    The representatives and / or collectors at the Defendant were employees of and agents for the Defendant at all times mentioned herein.

37.    The representatives and / or collectors at the Defendant were acting within the course and scope of their employment at all times mentioned herein.

38.    The representatives and / or collectors at the Defendant were under the direct supervision and control of the Defendant at all times mentioned herein.

39.    The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

40.    As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## <u>COUNT I, FDCPA VIOLATIONS</u>

41.    The previous paragraphs are incorporated into this Count as if set forth in full.

42.    The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692c(a)(1), c(a)(3), c(b), § 1692d preface, d(2), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10), e(11) and § 1692f preface.

43.    The Defendant's violations are multiple, willful and intentional.

44.    Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.      Actual damages under 15 U.S.C. § 1692k(a)(1).

2.      Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3.      Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,


_s/ David M. Larson___ _____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff